OPINION
{¶ 1} Appellant, Jason Ramey, appeals from the September 25, 2001 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} Although the September 25, 2001 judgment entry is identified by trial court case number 01-CR-000296, the trial court, in that single judgment entry, sentenced appellant in two separate matters: 01-CR-000296 and 00-CR-000444. The facts of 01-CR-000296 are as follows: on July 2, 2001, the Lake County Grand Jury indicted appellant on three counts: (1) domestic violence, in violation of R.C. 2919.25(A), a felony of the fifth degree; (2) kidnapping, in violation of R.C. 2905.01(A)(3), a felony of the first degree; and (3) abduction, in violation of R.C. 2905.02(A)(2), a felony of the third degree. Appellant entered a written plea of guilty to Count Three of the indictment on August 21, 2001. In an August 30, 2001 judgment entry, the trial court accepted appellant's guilty plea and entered a nolle prosequi on the other counts of the indictment.
 {¶ 3} With respect to 00-CR-000444, appellant was indicted on November 24, 2000, on two counts: (1) assault on a police officer, in violation of R.C. 2903.13(A), a felony of the fourth degree, and (2) domestic violence, in violation of R.C. 2919.25(A), a felony of the fifth degree. On August 21, 2001, appellant entered a written plea of guilty on Count One of the indictment. In an August 30, 2001 judgment entry, the trial court accepted appellant's guilty plea and entered a nolle prosequi on Count Two of the indictment.
 {¶ 4} The two separate trial court cases were consolidated into a single sentencing hearing, which was held on September 25, 2001. In its September 25, 2001 judgment entry, the trial court sentenced appellant to two years for abduction, and six months for assaulting a police officer, with the sentences to run consecutively.
 {¶ 5} Appellant has filed a timely appeal and makes the following assignment of error:
 {¶ 6} "The trial court erred to the prejudice of [appellant] when it ordered consecutive sentences."
 {¶ 7} In connection with his assignment of error, appellant raises two arguments: first, that the trial court failed to provide the reasons supporting its finding that consecutive sentences were necessary; and, second, that the trial court failed to give appropriate weight to mitigating factors when it determined that consecutive sentences were necessary to protect the public from future crime by appellant.
 {¶ 8} The imposition of consecutive sentences is governed, in part, by R.C. 2929.14(E)(4), which provides:
 {¶ 9} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 10} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} Additionally, if the trial court chooses to impose consecutive sentences, it must state its reasons for doing so. R.C.2929.19(B)(2)(c).
 {¶ 14} In sum, there are three findings a trial court must make before imposing consecutive sentences: (1) consecutive sentences are necessary to protect the public or punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct; and (3) one of the three factors set forth in R.C.2929.14(E)(4)(a), (b) and (c).
 {¶ 15} In the instant case, the trial court found in its September 25, 2001 judgment entry that "consecutive sentences are necessary to protect the public from future crime or to punish [appellant] and are not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] poses to the public, and [appellant's] history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [appellant]." The trial court clearly made the requisite findings as set forth in R.C. 2929.14(E)(4). Further, the trial court's finding that appellant's history of criminal conduct necessitates the imposition of consecutive sentences was amply supported by the presentence report. At the time of sentencing, appellant had convictions for disorderly conduct, terroristic threats, unlawful restraint, simple assault, and criminal mischief.
 {¶ 16} The trial court also supplied reasons sufficient to support its imposition of consecutive sentences. At the sentencing hearing, the trial court told appellant:
 {¶ 17} "* * * I find that both cases involve violence. There has been a continuing propensity for violence throughout your adult life * * *.
 {¶ 18} "And the particular officer involved in this case, although he tried to act as most deputies would, I have to indicate that he was injured. Did receive injuries to his head from the head butt that you delivered and your continued fighting with him after he tried to arrest you and the conduct with the other victim has been continuing and continuous and the public needs protection from people like you * * *."
 {¶ 19} The trial court's observation of appellant's propensity for violence and, in this particular case, violence towards a law enforcement official, was more than adequate to provide underlying reasons for the imposition of consecutive sentences as mandated by R.C. 2929.19(B)(2)(c).
 {¶ 20} In the second issue raised by appellant, he appears to argue that the trial court erred in finding that consecutive sentences were necessary to protect the public from future crime by appellant. In support of this contention, appellant posits a series of facts and circumstances that he contends serve to mitigate his behavior with respect to the incidents which led to his convictions: (1) he endured an extremely abusive childhood; (2) he suffers from mental disturbances, including an anger management disorder, which causes him to act aggressively when he fears that he will be abandoned by a woman with whom he is in a relationship; (3) he was abusing alcohol at the time of the offenses; and (4) he expressed genuine remorse for his crimes.
 {¶ 21} With respect to the first three factors that appellant suggests mitigate his behavior, we would note that R.C. 2929.12(C) sets forth the factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, while R.C. 2929.12(E) sets forth the factors indicating that an offender is not likely to commit future crimes. Appellant's abusive childhood, mental disturbances, and alcohol abuse do not fall within any of the listed categories of facts or circumstances that would serve to mitigate the seriousness of his offenses.
 {¶ 22} R.C. 2929.12(E)(5) does identify a showing of genuine remorse as a mitigating factor. However, the transcript of the sentencing hearing belies appellant's assertion of remorse. In the midst of being sentenced, appellant told the court: "You know as we stand here the victim is being sentenced on two prostitution charges today at 2:30." Appellant's statement demonstrates that, even as he was being sentenced, he believed the victim was responsible for the events that led to the charges against him. Therefore, the trial court would not have erred in concluding that appellant was not truly remorseful. In sum, we conclude appellant has not offered any mitigating facts or circumstances, much less demonstrated that the trial court failed to consider such facts or circumstances.
 {¶ 23} For the foregoing reasons, appellant's sole assignment of error is without merit, and the judgment entry of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.